IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| D.F. & C.R. INC., d/b/a The Hermitage, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:23-cv-01135 |
| ) | |
| ALAN WISE, et al., ) | JUDGE RICHARDSON |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a pro se civil rights complaint (Doc. No. 1, "Complaint")) and an application for leave to proceed in forma pauperis (IFP) (Doc. No. 2), filed by Plaintiff "D.F. & C.R., Inc. 'The Hermitage'" and signed by Deborah J. Frierson. The Complaint names five Defendants: Alan Wise, George H. Robertson III, and Jacqueline Robertson, of Hermitage, Davidson County, Tennessee; and Meritage Homes and its Vice President, Mark Reynolds, Sr., of Scottsdale, Maricopa County, Arizona. (Doc. No. 1 at 1–3.)

The Complaint involves a long-running dispute over property in Davidson County that Ms. Frierson sold to local developers—who subsequently breached a promise to Ms. Frierson to build a handicap-accessible home for her on the property, defaulted on their commercial loan and lost the property to Mr. Wise in foreclosure proceedings, and then went out of business (*see* Doc. No. 1-8 at 128)—but in which she claims to have retained a "life estate" interest. (*See* Doc. No. 1-9 at 1.) The Complaint and its attachments purport to describe new developments "since last complaint" and provide new evidence in support of the claim that the ongoing dispute has resulted in various violations of Tennessee civil and criminal law (Doc. No. 1 at 4; Doc. No. 1-8 at 4, 8) as

well as federal criminal violations. (*See* Doc. No. 1-9 at 1 (asserting violations of 18 U.S.C. §§ 241, 242).)

The Court takes judicial notice of the fact that Ms. Frierson previously filed, in her own name, a pro se action in this Court against Mr. Wise (and others not sued in the instant case) concerning this property dispute. *Frierson v. Holland, et al.*, No. 3:17-cv-00633 (M.D. Tenn.) (Crenshaw, C.J.). This prior action was promptly dismissed for lack of subject-matter jurisdiction, with entry of judgment on March 29, 2017. *Id.*, Doc. Nos. 5–6. Ms. Frierson attempted to "update" her dismissed case with new evidence in December 2021 and October 2023, but these attempts on the record of her long-closed case were denied. *Id.*, Doc. Nos. 15, 18.

The instant Complaint and IFP application were filed shortly after the October 17, 2023 denial of Ms. Frierson's attempted "update" in Case No. 3:17-cv-00633. *See id.*, Doc. No. 17. Unlike Case No. 3:17-cv-00633, this case presents a Complaint and IFP application signed by Ms. Frierson but on behalf of D.F. & C.R., Inc. (Doc. No. 1 at 6; Doc. No. 2 at 1.) This makes the plaintiff in this case a corporation (an "it" rather than a "she"). And this also poses an obstacle to further review because "a corporation can only appear by an attorney." *Olagues v. Timken*, 908 F.3d 200, 203 (6th Cir. 2018) (quoting *Bass v. Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015)). Therefore, a plaintiff who is not an attorney "cannot proceed pro se on behalf of [a company]." *Id.* at 204.

More significantly, like Case No. 3:17-cv-00633, the Complaint in this case does not come within the Court's subject-matter jurisdiction. As noted by Judge Crenshaw in the prior case, "[t]his Court has jurisdiction to adjudicate claims involving a federal question, 28 U.S.C. § 1331, or claims involving parties with diversity of citizenship[,] 28 U.S.C. § 1332," and "is obliged to consider matters of jurisdiction, *sua sponte* if necessary." (Case No. 3:17-cv-00633, Doc. No. 5 at

2, 3); *see also Answers in Genesis of Kentucky, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*.") (citations omitted). Because "[f]ederal courts are courts of limited jurisdiction," "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Farmer v. Fisher*, 386 F. App'x 554, 556 (6th Cir. 2010) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

For purposes of diversity jurisdiction under § 1332, "there must be complete diversity such that no plaintiff is a citizen of the same state as any defendant." *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010) (citing *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)). Under § 1332, and as relevant here, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Despite having the burden of pleading the Court's jurisdiction over its Complaint, Plaintiff does not allege either its place of incorporation or its principal place of business (i.e., its citizenship); this likely is because it utilized a form for a civil rights complaint to be filed in U.S. District Court—a form that presumes an assertion of federal-question jurisdiction rather than diversity jurisdiction. In any event, the Complaint fails to plead an adequate basis for diversity jurisdiction and "thus fails to overcome the presumption against [such] jurisdiction" under § 1332. *Farmer*, 386 F. App'x at 557.[1]

---

[1] In the alternative—and in light of the fact that disputes surrounding this land in Hermitage, Tennessee, have previously been personally litigated by Tennessee resident (and signer of the instant Complaint) Deborah Frierson—the Court finds it sufficient for purposes of establishing D.F. & C.R., Inc.'s Tennessee citizenship that the Complaint and its attachments fail to suggest anything other than that this state is its principal place of business, i.e., "the place where [its] high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). Diversity jurisdiction would thus be defeated because three individual Defendants also allegedly reside in, and are presumably citizens of, Tennessee. (*See* Doc. No. 1 at 2–3.)

Furthermore, despite its submission on a form entitled "Complaint for Violation of Civil Rights," the Complaint presents not any federal question but rather only questions of state law. (*See* Doc. No. 1 at 4 (citing ways in which the "Tenn Code [was] broken); Doc. No. 1-8 at 4, 8 (citing state statutes).) The only reference to federal law comes in Ms. Frierson's cover letter accompanying the Complaint, which cites 18 U.S.C. §§ 241 and 242—statutes that do not create private suit rights, but rather only authorize federal prosecution of criminal conspiracies against, and deprivations of, federal rights. *See Young v. Overly*, No. 17-6242, 2018 WL 5311408, at *2 (6th Cir. July 2, 2018). The reference to those statutes does not support federal-question jurisdiction under 28 U.S.C. § 1331. *See Drake v. Austin*, No. 3:22-CV-196-BJB, 2022 WL 14169643, at *2 (W.D. Ky. Oct. 24, 2022).

Accordingly, the Court declines to order resolution of the conflict inherent in the (corporate) Plaintiff's filing of pleadings signed by a non-lawyer because, regardless of how that conflict might be resolved, subject-matter jurisdiction over this action is lacking. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Therefore, pursuant to Rule 12(h)(3), this action is **DISMISSED** for lack of subject-matter jurisdiction and the IFP application (Doc. No. 2) is **DENIED** as moot.

The Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE